810 F.2d 204
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marguerite WARD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3703.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1986.
 
 Before MILBURN and BOGGS, Circuit Judges, and DeMASCIO, District Judge.*
 PER CURIAM.
 
 
 1
 Marguerite Ward appeals from the district court judgment upholding the denial of her administrative claims for Social Security worker's disability benefits under 42 U.S.C. § 423, for widow's benefits under 42 U.S.C. § 402(e), and for establishment of a period of disability under 42 U.S.C. § 416(i). The district court found the Secretary's decision to deny Ward's application to be supported by "substantial evidence." See 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389 (1971).
 
 
 2
 Ward is in her middle fifties, has a twelfth grade education, and has worked as a cook, meat carver, cashier, and bar maid. She claims to suffer from diabetes, emphysema, arthritis, foot problems, cardiovascular problems, obesity, and a mixed personality disorder with depression. She argues that the Secretary and the lower court erred on two grounds: (1) by failing to consider the cumulative effect of her several impairments on her ability to engage in substantial gainful employment; and (2) by failing to conduct a proper sequential evaluation, which she claims would have resulted in a finding of disability. See 42 U.S.C. § 423(d)(1)(c); 20 C.F.R. § 401.1520; Hurst v. Schweiker, 725 F.2d 53 (6th Cir.1984).
 
 
 3
 We first address Ward's claim for worker's benefits. In the present case, the Administrative Law Judge ("ALJ") found that Ward did not have a "severe" impairment, and thus terminated the sequential evaluation of her worker's disability claim at that stage. In Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir.1985), our Court set forth the standard to be used in evaluating the severity requirement in disability claims. We held that "an impairment can be considered as not severe ... only if the impairment is a 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.' " Id. at 90 (quoting Brady v. Heckler, 724 F.2d 914, 920 (11th Cir.1984)). We similarly held in Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 692 (6th Cir.1985), that "an impairment qualifies as non-severe only if, regardless of a claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work."[1]
 
 
 4
 The decisions of both the ALJ and the district court in the instant case predated our rulings in Farris and Salmi. Ward filed her application for benefits on May 19, 1982, and the ALJ filed his decision on June 22, 1983. The ALJ found Ward's impairments non-severe because they would not "significantly limit" her ability to perform basic work-related functions, a standard altered by Farris and Salmi. Similarly, the district court's order on July 8, 1985, upholding the Secretary's decision, also preceded our decisions in Farris and Salmi. An examination of the record shows that at no point was Ward's disability claim evaluated in a manner consistent with the standard we enunciated in Farris and Salmi. We therefore vacate the judgment of the district court and remand to the Secretary with instructions to evaluate Ward's disability claim under the Farris and Salmi standards.
 
 
 5
 We next address Ward's claim for widow's disability benefits. The standard for evaluating disability for widow's benefits purposes is stricter than the standard used in evaluating a worker's disability. Under 20 C.F.R. § 404.1577 (1985), such benefits may be granted only where the claimant meets the specifically listed requirements set forth in Appendix I, 20 C.F.R., Part 404, Subpart P. In the present case, there is substantial evidence that Ward's ailments, evaluated either separately or in combination, do not meet the Appendix I listings. We therefore affirm the district court's denial of Ward's claim for widow's benefits.
 
 
 6
 Accordingly, the judgment of the district court is VACATED and REMANDED in part, and AFFIRMED in part.
 
 
 
 *
 The Honorable Robert E. DeMascio, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Both Farris and Salmi dealt with claims for Supplemental Security Income, under 42 U.S.C. § 1381, et seq., rather than a claim for disability insurance benefits under 42 U.S.C. § 423, as here; however, the impairment standards discussed in those cases apply equally to a claim for disability benefits